UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff-Respondent,<br><br>v.<br><br>ROY D. POPE, JR.,<br><br>                   Defendant-Petitioner. | Case No.: 19-CR-2856-DMS<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)** |

On May 14, 2020, Defendant Roy D. Pope, Jr., proceeding *pro se*, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). On May 20, 2020, Defendant, through an attorney, filed supplemental briefing. The United States filed a response in opposition to Defendant's motion. For the reasons given herein, the Court denies Defendant's motion.

I.

BACKGROUND

On August 28, 2019, Defendant Pope pled guilty to the importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 15). Defendant was sentenced to three years in prison and three years of supervised release. (ECF No. 30). Defendant has served 17 months, or 47%, of his sentence. (ECF No. 35 at 6).

While housed at Terminal Island Federal Correctional Institution, Defendant tested positive for COVID-19. (*Id.* at 7). As of May 17, 2020, more than 700 Terminal Island inmates have tested positive for the novel coronavirus and eight inmates have died. (ECF No. 34 at 4). Defendant alleges that he is concerned he will be re-infected with the virus specifically because he is considered medically vulnerable due to his underlying condition of Hepatitis C. (*Id*).

Based on these allegations, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 32). Defendant seeks the modification of his sentence to supervised release with home confinement. (ECF No. 34 at 5). The United States opposes Defendant's motion. (ECF No. 35).

## II.
## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") expressly permits a court to modify a prison sentence. *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for compassionate release after exhausting the Bureau of Prison ("BOP") process.

Section 3582(c) of Title 18 of the United States Code provides that a district "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). Administrative exhaustion is therefore a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*,

No. 89-cr-0655, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (quoting *Brown v. United States*, 411 F. Supp. 3d 446, 352 (S.D. Iowa 2019) (internal quotation marks omitted)). Thereafter, the Court may consider the applicable standards set forth in § 3553(a) and determine whether "extraordinary and compelling reasons warrant" a sentence reduction consistent with "applicable policy statements issued by the Sentencing Commission."

Here, there is no indication that Defendant has previously requested the BOP to file a compassionate release motion on his behalf, and Defendant does not contradict this. (ECF No. 35 at 9; ECF No. 32; ECF No. 34). The United States argues Defendant's motion must be denied for failure to exhaust his administrative remedies prior to filing his motion with the Court. Defendant does not address this issue in his briefs.

District courts across the country have grappled with whether the First Step Act's administrative exhaustion requirement is jurisdictional, non-jurisdictional and excusable, or mandatory. If the exhaustion requirement at issue is jurisdictional and not satisfied, courts are powerless to act on the merits. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (noting that jurisdictional statutory preconditions "speak to the power of the court rather than to the rights or obligations of the parties"). If the exhaustion requirement is not jurisdictional, noncompliance might be excused. Some district courts have held the failure to exhaust administrative remedies under the FSA may be excused in light of the issues facing incarcerated individuals during the COVID-19 pandemic, (*see, e.g.*, *United States v. Perez*, --- F. Supp. 3d ----, 2020 WL 1546422, at *1 (S.D.N.Y. Apr. 1, 2020) (waiving exhaustion requirement as futile because inmate had less than 21 days left on his sentence), while others courts have declined to allow such an exception. *See United States v. Eberhart*, --- F. Supp. 3d ----, 2020 WL 1450745, at *1 (N.D. Cal. Mar. 25, 2020) (rejecting the defendant's argument that pursuing administrative remedies would be futile). And some district courts have concluded the exhaustion requirement is both mandatory and jurisdictional, notwithstanding the COVID-19 crisis. *See, e.g.*, *United States v. Rojas*, No. 17-CR-337 (LAB) (S.D. Cal. May 6, 2020) (stating exhaustion requirement is

mandatory and jurisdictional and denying defendant's motion for failure to exhaust administrative remedies).

This Court need not reach the jurisdictional question because even if the exhaustion requirement in § 3582(c) is non-jurisdictional, it is mandatory and precludes the Court from modifying Defendant's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) ("The court may not modify a term of imprisonment once it has been imposed [unless] the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request . . . ."). The statutory language is clear and unambiguous. *See United States v. Lugo*, No. 2:19-cr-00056, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (discussing cases and finding "the language of section 3582(c) … clear and mandatory."). Accordingly, at a minimum, Defendant must wait 30 days from the BOP's receipt of his request for relief before filing a motion for relief with the Court. Where statutory exhaustion is mandatory, as here, it "foreclos[es] judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016); *see also United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020), *as revised* (Apr. 8, 2020) (stating where 30 days have not passed following a request for relief to a warden, the statute "presents a glaring roadblock foreclosing compassionate release at this point."); *United States v. Taylor,* 778 F.3d 667, 670 (7th Cir. 2015) (stating even if a court has the "power to adjudicate" a motion under § 3582(c)(2), it may lack "authority to *grant* a motion … because the statutory criteria are not met") (emphasis in original). Although the Court is sympathetic to the concerns of Defendant in light of the pandemic, the statutorily prescribed requirements at issue cannot be ignored.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release is denied.

**IT IS SO ORDERED**.

Dated: June 17, 2020

_____
Hon. Dana M. Sabraw
United States District Judge