**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>v.<br><br>ROY D. POPE, JR.,<br><br>                       Defendant. | Case No.: 3:19-CR-2856-DMS<br><br>**ORDER DENYING MOTION FOR SENTENCE MODIFICATION UNDER 18 U.S.C. § 3582(C)** |

On September 14, 2020, Defendant Roy D. Pope, Jr., filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The United States filed a response in opposition. Defendant did not file a reply. For the reasons given herein, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On August 28, 2019, Defendant Pope pled guilty to one count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. (ECF Nos. 13, 15.) Defendant was sentenced to three years in prison, followed by three years of supervised release. (ECF No. 30.) Defendant's projected release date is January 19, 2022. (ECF No. 37 at 3.)

1  Defendant is thirty-nine years old; he has chronic viral Hepatitis C and abnormal blood chemistry, has been a long-term drug user, and has a body mass index ("BMI") of 31.2.  (*Id.* at 3, 8; ECF No. 43; ECF No. 44 at 8.)  Defendant is currently incarcerated in FCI Terminal Island.  (ECF No. 37 at 3.)  As of December 2, 2020, the Bureau of Prisons ("BOP") reported there were no inmates currently positive for COVID-19 at Terminal Island, with 564 having recovered.  *See COVID-19: Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited December 2, 2020).  Defendant contracted COVID-19 in April 2020.  (ECF No. 37 at 7.)  His BOP medical records indicate he was asymptomatic and his COVID-19 case is "resolved."  (ECF No. 43.)

Based on these allegations, Defendant filed the present motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1]  (ECF No. 37.)  The United States opposes Defendant's motion.  (ECF No. 94.)  Defendant initially filed a motion for compassionate release on May 13, 2020.  (ECF No. 32.)  The Court denied that motion on June 17, 2020, for failure to exhaust administrative remedies.  (ECF No. 36.)

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The First Step Act ("FSA") is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C.

---

[1] The United States argues to the extent Defendant's motion requests a modification of his sentence to home confinement, the Court should deny the motion because it lacks authority to determine a defendant's place of incarceration.  The Court construes Defendant's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A) seeking a reduction in sentence.

2

§ 3582(c)(1)(A) to allow the defendant to move the district court for compassionate release after exhausting the BOP process.

Section 3582(c) of Title 18 of the United States Code provides that a court may not modify a term of imprisonment except "upon motion of Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to act or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Administrative exhaustion is a prerequisite to filing the motion in district court, and "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it." *United States v. Mondaca*, No. 89-cr-0655-DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotation marks and citations omitted). Here, Defendant submitted a request for compassionate release to the warden of Terminal Island on July 15, 2020. (ECF No. 37-3 at 1.) This request was denied on July 28, 2020. (*Id.* at 2.) Accordingly, the Court may address the merits of Defendant's motion.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction complies with 18 U.S.C. § 3553(a), and the defendant "is not a danger to the safety of any other person or to the community[.]" *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("U.S.S.G") § 1B1.13. Defendant contends he meets the foregoing criteria. As the movant, Defendant bears the burden of establishing that he is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

1. Extraordinary and Compelling Reasons

Defendant argues he is eligible for compassionate release because his underlying health conditions, in combination with his conditions of confinement, make him particularly susceptible to COVID-19. The Sentencing Guidelines provide that extraordinary and compelling reasons may exist for compassionate release where a defendant suffers from, among other conditions, "a serious physical or mental condition …

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G § 1B1.13, cmt n.1(A)(i)(I).

Defendant suffers from chronic viral Hepatitis C and has a body mass index ("BMI") of 31.2; he also has abnormal blood chemistry and has been a long-term drug user. (ECF No. 37 at 3, 8; ECF No. 43; ECF No. 44 at 8.) Defendant further contends the conditions at Terminal Island, such as lack of social distancing, testing procedures, and failure to follow hygiene guidelines, increase the risk to his health. (ECF No. 37 at 6.) The United States argues Terminal Island has taken significant steps to address the conditions discussed in Defendant's motion. As of December 2, 2020, the BOP reported zero cases of inmates currently positive for COVID-19 at Terminal Island.

The Centers for Disease Control and Prevention ("CDC") states that a BMI of over 30 is a condition that places an individual at increased risk for severe illness from COVID-19, and that chronic liver disease might place an individual at increased risk. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 2, 2020); *but see What to Know About Liver Disease and COVID-19*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited December 2, 2020) ("Currently, we have no information about whether people with … hepatitis C are at increased risk for getting COVID-19 or having severe COVID-19.") The CDC does not list any of Defendant's other medical conditions as posing an increased risk with respect to COVID-19. *See People with Certain Medical Conditions*, *supra.* In denying Defendant's request for administrative relief, the BOP warden found Defendant failed to identify any "extraordinary or compelling circumstances warranting consideration for compassionate release." (ECF No. 37-3 at 2.) Defendant did not meet the medical criteria and was deemed capable of self-care. (*Id.*)

1    The United States further argues that compassionate release should not be granted to a defendant who has recovered from COVID-19 without symptoms.  As of May 10, 2020, Defendant's COVID-19 diagnosis was marked as "resolved."  (*See* ECF No. 43.)  Defendant contends he may have long-term health effects and he is still susceptible to reinfection.  (ECF No. 37 at 7.)  Courts are split on whether an individual who has recovered from COVID-19 can still show extraordinary circumstances.  *Compare United States v. Molley*, No. CR15-0254-JCC, 2020 WL 3498482, at *3 (W.D. Wash. June 29, 2020) (finding uncertainty around reinfection and immunity "cuts against compassionate release"), *with United States v. Yellin*, No. 3:15-CR-3181-BTM-1, 2020 WL 3488738, at *3 (S.D. Cal. June 26, 2020) (finding extraordinary circumstances warranted due to uncertainty around reinfection and immunity).

The Court need not resolve the issue of whether Defendant has established "extraordinary and compelling reasons" at this time.  Even assuming he can make such a showing, he fails to meet his burden to demonstrate he is not a danger to others or the community and that the § 3553(a) factors weigh in favor of release.

2. Danger to Others or the Community

Even where extraordinary and compelling reasons exist, the court must consider whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"  U.S.S.G. § 1.B1.13(1)(A), (2) cmt. n. 1.  To make this assessment, the Court is directed to the factors set out in § 3142(g), including, among other things: (1) the nature and circumstances of the offense charged; (2) the history and characteristics of the person, including character, physical and mental condition, family ties, employment, financial resources, past conduct, criminal history, and drug and alcohol abuse; and (3) the nature and seriousness of the danger to any person or the community that release would impose.  These factors overlap with the § 3553(a) factors.

Defendant's conviction in this case is for importation of methamphetamine, a non-violent drug offense.  Defendant attempted to enter the United States at the Calexico port

of entry, where a search revealed four packages of methamphetamine concealed on and in his body. (Pre-Sentence Report ("PSR"), ECF No. 19, ¶¶ 4–5.)

However, Defendant has not met his burden to show he would not pose a danger to the community if released. Defendant's criminal history reveals multiple instances of violent conduct including a battery conviction and multiple arrests for assault, one of which was for aggravated assault involving a deadly weapon or dangerous instrument, as well as several arrests for violating domestic violence court orders. (PSR ¶¶ 35, 48, 49, 50.) Although Defendant's underlying offense was non-violent, his criminal history weighs against a sentence reduction.

3. <u>§ 3553(a) Factors</u>

Finally, the Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)–(D). The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1),(6).

Defendant argues his absence as the father and caregiver to his six-year old daughter constitutes "extraordinary and compelling reasons" for release (ECF No. 37 at 11), but the Court finds this is more appropriately considered as part of the § 3553(a) analysis. Defendant also cites his ongoing anxiety and inability to participate in RDAP. (*Id.*) The United States contends that as of September 30, 2020, Defendant has only served approximately 15 months, or 40% of his sentence, which weighs against release. The Court

agrees. Defendant was sentenced to 36 months, below the 41 months recommended by the U.S. Attorney's Office and Probation, and below the ten-year mandatory minimum that would have applied had he not been eligible for safety-valve relief. (*See* ECF Nos. 19, 28, 29.) The Court credits Defendant's commitment to providing for his daughter, but must also consider the danger he poses to the community and the purposes of § 3553(a). Although the Court is sympathetic to Defendant's concerns regarding COVID-19, Defendant's three-year sentence is not greater than necessary to address the overarching goals of punishment, deterrence, protection of society, and rehabilitation. These factors weigh against releasing Defendant at this time.

## III.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is respectfully denied.

**IT IS SO ORDERED.**

Dated:  December 4, 2020

                                      Hon. Dana M. Sabraw
                                      United States District Judge